# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT G. GROVES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-20-943-D |
| SHARON HARRISON, Warden, | ) ) ) |
| Respondent. | ) ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 10] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected [Doc. No. 11] to the Report, which recommends dismissing the petition as time barred. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

## BACKGROUND

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his March 28, 2018 conviction and sentence in Jackson County District Court. Petitioner filed this federal action on September 8, 2020 [Doc. No. 1]. Judge Erwin recommends that the petition be deemed time barred under the one-year

limitation period of 28 U.S.C. § 2244(d)(1)(A). Judge Erwin also concludes that no basis exists for statutory or equitable tolling of the one-year limitation period.[1]

In his objections, Petitioner does not dispute Judge Erwin's historical account of the state court proceedings; thus, the Court accepts this portion of the Report.[2] Nor does Petitioner raise any specific objection to Judge Erwin's analysis of the untimeliness of the petition under § 2244(d). Further, Petitioner does not dispute that the timeliness of his petition depends on the applicability of the equitable tolling doctrine.

## DISCUSSION

Thus, in order for the petition to survive, Petitioner must establish equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this circuit, equitable tolling may be appropriate when a prisoner has failed to file a timely federal petition due to "extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling is limited to "rare and exceptional circumstances").

---

[1] As noted by Judge Erwin, although Petitioner sought post-conviction relief in state court, that filing could not toll the limitation period under § 2244(d)(2) because the limitation period expired prior to Petitioner filing for state post-conviction relief.

[2] Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

In an effort to establish equitable tolling,[3] Petitioner asserts that his "friend and jailhouse lawyer" died last month, leaving Petitioner with records "that show how the county court clerks, [Petitioner's] lawyer and the [Oklahoma Court of Criminal Appeals ("OCCA")] impeded the advancement of [his] case in a timely manner." Petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Although the passing of Petitioner's friend last month is unfortunate and beyond Petitioner's control, that fact has no bearing on Petitioner's ability to file a timely § 2254 petition before April 8, 2019.[4] Petitioner filed his § 2254 petition on September 8, 2020. Petitioner has not shown that he diligently pursued his federal habeas claims or that there was any impediment to a timely filing.

Further, Petitioner does not attach any records to his objections or explain how the county court clerks, his trial lawyer, or the OCCA impeded him from timely filing a federal habeas petition. Although Petitioner contends that he did not receive a copy of the state court's order, denying his untimely motion to withdraw his plea, until December 11, 2019, that fact does not affect the date upon which his conviction became final or the date that

---

[3] The Supreme Court has long directed that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, this analysis broadly construes Petitioner's claims, "however inartfully pleaded." *Id*.

[4] Petitioner was sentenced on March 28, 2018. He did not move to withdraw his no contest plea within ten days of the pronouncement of the judgment and sentence; thus, his conviction became final on April 7, 2018. *See* OKLA. STAT. tit. 22, ch. 18, app., r. 4.2(A). The one-year limitation period began to run on April 7, 2018, and expired on April 8, 2019.

3

the one-year limitation period began to run.  Likewise, the state court's delay in hearing the untimely motion to withdraw—May 22, 2018 to October 3, 2018—has no effect on the finality of the conviction or limitation period.

In summary, Petitioner has not shown that he used reasonable diligence in filing the instant petition or that any extraordinary circumstance stood in his way. Thus, Petitioner has failed to meet his burden of establishing equitable tolling.

## CONCLUSION

Upon *de novo* review of the issues presented, the Court finds that the claims in the petition are time barred and should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 10] is **ADOPTED** in its entirety.  Petitioner's claims are dismissed with prejudice as time barred. A judgment shall be issued forthwith.  The Court also finds that appointment of counsel is unnecessary and **DENIES** Petitioner's request for counsel.[5]

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C.

---

[5] Generally, there is no constitutional right to counsel beyond the appeal of a criminal conviction; therefore, appointment of counsel in a § 2254 proceeding is left to the Court's discretion.  *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  There is a right to counsel in a habeas case when the Court determines that an evidentiary hearing is required.  *Id.*  Under the circumstances presented, the Court finds appointment of counsel is unnecessary.

§ 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

    **IT IS SO ORDERED** this 9th day of December 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge